IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PHILLIP LEE GREEN,<br><br>       Plaintiff<br>VS.<br><br>GA. BOARD OF PARDONS AND PAROLES, *et al.,*<br><br>       Defendants | NO. 5:09-CV-197 (HL)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

Before the court is a motion seeking dismissal of the above-captioned action filed by defendants Georgia State Board of Pardons and Paroles, Gale L Buckner, Robert E. Keller, Milton E. Nix, Jr., Garland R. Hunt, and James E. Donald. Tab #25. Plaintiff Phillip Lee Green was directed to file (Tab #26) and has filed a response (Tab #30) to this motion. The defendants filed a reply. Tab #33. The motion is now ripe for review.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Green, an inmate currently incarcerated at Macon State Prison, was convicted of the felony offense of robbery in the Superior Court of Chatham County, Georgia. On October 26, 2004, the trial court sentenced him to twenty (20) years confinement. The court further specified that upon service of eight (8) years, the remainder of the sentence could be served on probation.

On August 26, 2006, plaintiff received a notice from the Georgia State Board of Pardons and Paroles. This document indicated that recommended time for the plaintiff's to be paroled was to occur upon forty (40) months of incarceration. The document further indicated that, upon further consideration, a departure from the recommended time was appropriate and that the entire eight (8) year sentence should be completed without parole.

On November 26, 2008, plaintiff Green submitted a letter to the Parole Board asking that they reconsider their August 26, 2006 decision. In this letter, he detailed his various accomplishments since the decision. These accomplishments included, *inter alia*, completion of a GED, as well as certain vocational training courses, college courses, and counseling programs.

In a letter dated April 16, 2009, the plaintiff was notified that his request for reconsideration had been received by the parole board. Therein, it was explained that "only if the board received very substantial and convincing information which put an entirely new and more favorable light on your case would reconsideration be possible." The letter further stated that the information contained in the request for reconsideration was not sufficient to provide a basis for reconsideration. The document concluded by noting that parole is not a right but a privilege and that the plaintiff's submissions would be made part of his file.

Thereafter, on May 11, 2009, plaintiff Green sent a second letter seeking reconsideration. Less than a month later, and before receiving any response, he executed the instant action on June 9, 2009. The complaint was docketed in this case on June 11, 2009. Therein, plaintiff alleges that his constitutional right to equal protection under the law has been violated by the defendants on account of their racially motivated refusal to reconsider their August 23, 2006 decision detailed above. This, according to the plaintiff, can most easily be demonstrated by comparing his circumstances to those of a Caucasian inmate named Jeffrey Grindle with whom the plaintiff has become acquainted.

In light of this purportedly blatant violation, the plaintiff has sued the Board, the chairperson of the Board, and each of the Board's members in both their official and individual capacities. He seeks declaratory and injunctive relief as well as compensatory and punitive damages. In response to these allegations, the defendants filed the instant motion seeking dismissal. Therein, they assert that this action should be dismissed on the basis of Eleventh Amendment immunity, absolute quasi-judicial immunity, qualified immunity, plaintiff's failure to state a claim under 42 U.S.C. §1983, plaintiff's failure to allege actual injury as required by the PLRA, plaintiff's failure to file within the relevant statute of limitations, and plaintiff's failure to articulate a legally available/appropriate request for injunctive relief.

## LEGAL STANDARDS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

## DISCUSSION

In their motion, the defendants assert several arguments in support of their requests for dismissal of certain claims and defendants. These arguments were listed in the paragraph immediately preceding the legal standards section above. To the extent necessary, the undersigned will address these contentions below.

### QUASI-JUDICIAL / SOVEREIGN IMMUNITY

As an initial matter, the undersigned notes that it is well established that individual members of the Georgia State Parole Board are entitled to absolute quasi-judicial immunity from suits for damages. *Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Thus, to the extent that plaintiff Green asserts claims against these individual defendants seeking damages, the claims are improper. Accordingly, **IT IS RECOMMENDED** that these claims be **DISMISSED**. Similarly, and in view of the sovereign immunity afforded to states by the Eleventh Amendment, damages claims against state government entities and/or employees acting in an official capacity are also precluded. Thus, the plaintiff's official capacity damages claims should also be **DISMISSED**. **IT IS SO RECOMMENDED**.

## FAILURE TO STATE A CLAIM

As a result of the above recommendations, and with the issues of immunity being disposed of, the only remaining claim involves the plaintiff's demand for declaratory relief, injunctive relief, and punitive damages premised upon the defendants' alleged violation of his right to equal protection. As noted above, the gist of this claim is the defendants' allegedly discriminatory refusal to reconsider an earlier determination to release the plaintiff on his maximum release date. In support of this conclusion, plaintiff Green relies almost entirely upon an unverified account of the defendants' parole decisions involving a Caucasian inmate named Jeffrey Grindle. According to the plaintiff, Grindle will be allowed parole despite the fact that he has been convicted of more serious crimes and is less qualified for re-entry into society. These observations, plaintiff Green argues, are more than sufficient to demonstrate the discriminatory impetus of the defendants' decision not to reconsider their initial parole decision in his case.

In response, the defendants aver that in order to state a claim of denial of parole (or in this case reconsideration) on equal protection grounds, the plaintiff must show that "the decision makers in his case acted with discriminatory purpose." *Fuller v. Georgia State Board of Pardons and Paroles,* 851 F.2d 1307, 1310 (11th Cir. 1988) (quoting *McCleskey v. Kemp*, 481 U.S. 279, 107 S.Ct. 1756, 1769 (1987)). To do so, the plaintiff must demonstrate that he is similarly situated to Caucasian inmates that were paroled. *Id*. Moreover, the defendants argue, when comparing similarly situated individuals in an effort to raise an inference of discriminatory motivation, the individuals must be similarly situated *in all relevant respects* besides race because different treatment of dissimilarly situated persons does not show a violation of the constitution. *Jones v. Bessemer Carraway Medical Center*, 137 F.3d 1306, 1311 (11th Cir.1998); *E & T Realty v. Strickland*, 830 F.2d 1107, 1109 (11th Cir.1987) (addressing equal protection claim).

Here, the defendants assert that the plaintiff has failed to meet this requirement. Indeed, they argue that, in spite of the plaintiff's claim to the contrary, inmate Jeffrey Grindle's case is not at all an appropriate comparator. In support of this point, the defendants submitted copies of the court records of both inmate Grindle and the plaintiff.[1]

---

[1] This Court may take judicial notice of state court proceedings and Orders. *United States v. Jones*, 29 F. 3d 1549, 1553 (11th Cir. 1994).

Relying upon a review of these records, the defendants make the following undisputed observations. Plaintiff Green was sentenced to twenty (20) years with (8) eight years to serve while inmate Grindle was sentenced to twenty (20) years with ten (10) years to serve. The plaintiff was sentenced after trial whereas inmate Grindle pled guilty to his crimes. The decision challenged by the plaintiff is their decision not to reconsider their initial determination of his release date whereas, in the case of inmate Grindle, the only decision available for comparison is their initial consideration and vote. For these reasons, the defendants conclude that plaintiff's claim consists of nothing more than bare, conclusory, overly broad, and unsupported assertions of discrimination which are simply not sufficient to state an equal protection claim. The undersigned agrees. [2]

Pursuant to the legal standards governing the resolution of motions seeking dismissal outlined above, the plaintiff's conclusory allegations and unwarranted deductions of fact are simply not sufficient to state an equal protection claim. Accordingly, the defendants' motion seeking dismissal should be **GRANTED** and the plaintiff's remaining claims **DISMISSED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 14th day of June, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned also notes that, according to the Georgia Department of Corrections online inmate query, inmate Jeffrey Grindle, GDC ID: 774613, has remained continuously incarcerated at all times relevant to this action. While not dispositive, a strict reading of the *Fuller* opinion cited above appears to require that the plaintiff point to one or more similarly situated inmates that have actually been paroled.