IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PHILLIP LEE GREEN, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:09-CV-197 (WLS) |
| GA. BOARD OF PARDONS AND PAROLES, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

Before the Court is a Report and Recommendation (Doc. 39) from United States Magistrate Judge Claude W. Hicks, Jr. filed June 14, 2010. Pursuant to 28 U.S.C. § 1915A, Judge Hicks conducted a review of Plaintiff's claims arising out of alleged violations of 42 U.S.C. § 1983. Judge Hicks recommended that Defendants' Motion to Dismiss (Doc. 25) be **GRANTED**. Plaintiff timely filed an Objection (Doc. 43) to Judge Hicks's Report and Recommendation on June 24, 2010. Defendants filed a Response to Plaintiff's Objection (Doc. 46) on July 13, 2010.

For the following reasons, the objections set forth in Plaintiff's Objection (Doc. 30) are **OVERRULED** and United States Magistrate Judge Hicks's June 14, 2010 Report and Recommendation (Doc. 39) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Defendant's Motion to Dismiss (Doc. No. 25) is **GRANTED**.

Plaintiff **PHILLIP LEE GREEN**, an inmate at Macon State Prison in Oglethorpe, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff, an African

1

American inmate, complains that defendants have discriminated against him and have violated the Equal Protection Clause of the Constitution in relation to his parole in that similarly situated white inmates have been offered parole while he has not. Following his review, Judge Hicks found that the individual members of the Georgia State Board of Pardons and Paroles were entitled to absolute quasi-judicial immunity from Plaintiff's suit for damages. Further, Judge Hicks found that Plaintiff's claims relating to Board members' actions in their official capacities were precluded by the members' Sovereign Immunity pursuant to the Eleventh Amendment. Finally, Judge Hicks found that Plaintiff's Amended Complaint failed to state a claim under 42 U.S.C. § 1983 and did not sufficiently allege a violation of Plaintiff's rights under the Equal Protection Clause. Plaintiff failed to show that his denial of parole or of parole reconsideration constituted an act committed by the Georgia State Board of Pardons and Paroles with discriminatory purpose. Judge Hicks also found that the Caucasian inmate, inmate Grindle, chosen as a comparable example, was not similarly situated to Plaintiff.

In his objection, Plaintiff restates what he contends are the similarities between Plaintiff and the inmate chosen as a comparable example but fails to address Judge Hicks's finding that the actions of the Georgia State Board of Pardons and Paroles as they relate to Plaintiff are incomparable. (Doc. No. 39 at 5) ("[T]he decision challenged by the Plaintiff is their [the Board's] decision not to reconsider their initial determination of his release date, whereas, in the case of inmate Grindle, the only decision available for comparison is their initial consideration and vote.") Nothing raised in Plaintiff's Objection to Judge Hicks's Report and Recommendation rebuts the legally sound recommendation of Judge Hicks. Plaintiff's Objection (Doc. 43), as asserted in the State's Response (Doc. 46), does no more than restate arguments already raised in Plaintiff's Complaint and Amended Complaint (Docs. 10 and 17) and Response to Defendants' Motion to Dismiss (Doc. 30). As the State argues in its response,

even if Plaintiff's claims were meritorious, the Defendants are immune. (Doc. 46). Defendants are protected from suits for money damages through quasi-judicial immunity in their individual capacities and are entitled to protection through sovereign immunity in their official capacities.

Upon full review and consideration of the record, Plaintiff's objections and Defendants' response, the Court finds that said Report and Recommendation (Doc. 39) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court, for reason of the findings made and reasons stated therein together with the findings made, reasons and stated conclusions reached herein. Accordingly, Defendants' Motion to Dismiss (Doc. 25) is **GRANTED**. Plaintiffs' Complaint (Doc. 17) is **DISMISSED**. Defendants' Motion to Stay Proceedings (Doc. 28) is **DENIED as moot**.

**SO ORDERED**, this  26th  day of July, 2010.

/s/ W. Louis Sands  
**THE HONORABLE W. LOUIS SANDS,**  
**UNITED STATES DISTRICT COURT**